UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSC ET AL | CASE NO. 2:22-CV-05345 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| POLICE JURY OF CAMERON PARISH | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed by defendant Cameron Parish Police Jury ("CPPJ") under Federal Rule of Civil Procedure 12(b)(5). Plaintiffs Certain Underwriters at Lloyds London Subscribing to Policy No AMR-42386-05, General Security Indemnity Company of Arizona, H D I Global Specialty S E, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, Q B E Specialty Insurance Company, Safety Specialty Insurance Company, Steadfast Insurance Company, and United Specialty Insurance Company oppose the motion. Doc. 13.

### I.
### BACKGROUND

This suit arises from damage to CPPJ's property in Hurricane Laura. At all relevant times the property was insured under a surplus lines policy issued by the plaintiff insurers in this matter. CPPJ filed suit in state court in a related case against only the domestic insurers, in an attempt to evade enforceability of the policy's arbitration clause under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards

("Convention").[1] The matter was removed to this court on September 26, 2022. *See Cameron Par. Police Jury v. Indian Harbor Ins. Co.*, No. 2:22-cv-5348 (W.D. La.). On the same day both the domestic and foreign insurers subscribing to the policy filed a complaint to compel arbitration and stay litigation against CPPJ. Doc. 1.

In the related case, the insurers filed a motion to compel arbitration and stay proceedings. *Cameron Par. Police Jury*, No. 2:22-cv-5348 (W.D. La.), at doc. 7. CPPJ requested an extension of briefing deadlines and leave to conduct discovery, which the court granted but ultimately limited to a deadline of April 14, 2023. *Id.* at doc. 12. The insurers appealed and the Fifth Circuit determined that no discovery was needed. *Id.* at doc. 31. Accordingly, the matter was remanded to the undersigned to rule on the pending motions. *Id.* The undersigned has denied that motion, finding based on a recent ruling of the Louisiana Supreme Court that the domestic insurers may not use the doctrine of equitable estoppel to enforce the arbitration agreements in their contracts under the Convention. As part of the briefing on that motion, CPPJ asserted—and the insurers did not dispute—that it had released its claims against the foreign insurers.

Meanwhile, in this matter, a summons was issued on October 6, 2022. Doc. 2. The clerk issued a notice of intent to dismiss for failure to effect service on January 11, 2023. Doc. 5. The insurers requested an extension and were granted until March 3, 2023, to effect service. Doc. 7. No return of service was ever filed and the clerk again issued a Notice of

---

[1] If the policy is only enforceable through the Federal Arbitration Act, it is reverse-preempted by Louisiana Revised Statutes 22:868(A)(2), which bars arbitration clauses in insurance policies. *S.K.A.V., LLC v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024). If the Convention applies, however, then state law has no impact. *McDonnel Grp., LLC v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–32 (5th Cir. 2019).

Intent to Dismiss on July 19, 2024. Doc. 9. The insurers then filed their return of service on July 25, 2024. Doc. 10. On August 13, 2024, CPPJ filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). Doc. 11. The insurers oppose the motion, arguing that good cause exists to excuse their late service. Doc. 13.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed.

R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). In exercising this discretion courts have also considered the potential prejudice, or lack thereof, to defendant. *See Tucker v. Unitech Training Academy, Inc.*, 2016 WL 5678562, at *3 (E.D. La. Oct. 3, 2016) (collecting cases).

### B. Application

The ninety-day period under Rule 4(m) expired long ago. But this suit is effectively a nullity now, given the undersigned's ruling in the related case. The insurers also argue that they surmised this matter was effectively stayed by their appeal to the Fifth Circuit in the related case, until that court issued its mandate in March 2024. The undersigned finds no fault with this assumption, even though there was no stay order. Based on the good cause shown and the lack of prejudice to CPPJ, the time to effect service should be retroactively extended to July 25, 2024. Because the court has found in the related matter that the domestic insurers may not avail themselves of equitable estoppel and because CPPJ has released its claims against the foreign insurers, this suit will be dismissed.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be **DENIED** and judgment will be entered for the defendant based on the court's ruling in the related case.

**THUS DONE AND SIGNED** in Chambers on the 4th day of November, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE